**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2575-23

AZUOWOH ROTIMI,
a/k/a ROTIMI OWOH and
ROTIMI A. OWOH,

     Plaintiff-Appellant,

v.

MARISSA C. MCKENZIE,
CAMERON B. JONES,
JENNIFER PARISH, TASHIA
OWENS MOHAMMAD,
ABDULSALEEM HASAN,
WAYNE R. STACKHOUSE,
TERRY TUCKER, FELECIA
WILLIAMS-WARE, DARLENE
CLOVIS and EAST ORANGE
BOARD OF EDUCATION,

     Defendants-Respondents.

_____

Submitted May 6, 2026 – Decided August 6, 2026

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1930-22.

Rotimi A. Owoh, self-represented appellant.

Shabazz & Woolridge Law Group, LLP, attorneys for respondents (Khalifah L. Shabazz, of counsel; Bryant Lawrence Horsley, Jr., of counsel and on the brief).

PER CURIAM

In this employment action, plaintiff Azuowoh Rotimi[1] appeals an order granting defendants' motion to dismiss his second amended complaint with prejudice. The trial court granted defendants' motion based on the preclusive effects of an arbitration award and a Chancery Division order confirming the award. Plaintiff also appeals an order granting in part defendants' motion for frivolous-litigation sanctions and an order denying plaintiff's motion to reconsider that order. Perceiving no legal error or abuse of discretion in the court's decisions, we affirm.

## I.

This case and litigation related to it have an extensive procedural history. We focus on the aspects of that history that are particularly relevant to this appeal.

---

[1] Azuowoh Rotimi, Rotimi Owoh, and Rotimi A. Owoh are the same person. We refer to plaintiff as Azuowoh Rotimi because plaintiff used that name in the caption of his original complaint in this case.

Plaintiff began working for defendant East Orange Board of Education (the Board) in September 2001 and subsequently attained tenure status. Based on plaintiff's purported excessive absenteeism during the 2018-19, 2019-20, and 2020-21 school years and other alleged conduct, the Board certified tenure charges against him in 2021 pursuant to N.J.S.A. 18A:6-10, which is part of the Tenure Employees Hearing Law, N.J.S.A. 18A:6-10 to -18.1. The Board sought to terminate plaintiff's employment.

In his answer, plaintiff denied the charges. He contended, among other things, that the charges were pretextual and retaliatory and violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -16, "and both the federal and state anti-retaliation laws." He specifically referenced the assistance he had given to another teacher in filing a discrimination lawsuit against the East Orange School District (the District), his purported medical condition and need for medical care, and a discrimination complaint he had filed on behalf of himself.

The case was referred to an arbitrator pursuant to N.J.S.A. 18A:6-16. Plaintiff failed to appear at the December 13, 2022 arbitration hearing. After hearing testimony from the Board's business administrator, the arbitrator issued

3

a February 21, 2023 opinion and award, finding the Board had substantiated the charges of incapacity, conduct unbecoming, and insubordination and that those charges warranted plaintiff's dismissal. The arbitrator dismissed the remaining charges. The arbitrator noted that since failing to appear for the hearing, plaintiff had not requested or attempted to present any evidence or argument in support of a defense to the charges. The arbitrator nevertheless accepted and considered plaintiff's answer as well as a June 18, 2021 letter written by him and referenced in his answer. The arbitrator viewed plaintiff's pretext and retaliation claims as affirmative defenses but found he had failed to prove them because his claims were "hearsay" and "entirely conclusory, with no supporting factual assertions included."

The Board filed in the Chancery Division an order-to-show-cause application and a verified complaint seeking to confirm the arbitration award pursuant to Rule 4:67-1. The court issued a July 3, 2023 order confirming the arbitrator's opinion and award. We affirmed that order. See East Orange Bd. of Educ. v. Owoh, No. A-3964-22 (App. Div. Aug. 26, 2025).

While the arbitration was pending, plaintiff initiated this lawsuit by filing a complaint in the Law Division on March 25, 2022. Plaintiff named as defendants the Board and individuals he described as "pertinent employees, staff

and or Board [m]embers of the . . . District." Plaintiff subsequently filed an amended complaint and a May 20, 2023 second amended complaint.

In the first count of the second amended complaint, plaintiff alleged defendants had violated the LAD by taking "adverse and retaliatory actions against [him]" before the Board filed tenure charges against him, when the Board filed tenure charges against him, and when defendants terminated his employment. Plaintiff contended that the adverse actions were "motivated in whole or in part by retaliation because" he had helped another teacher sue the District for violating anti-discrimination laws and because he had personally complained about discrimination. In the second count, he claimed unlawful retaliation in violation of CEPA. In the third count, entitled "DISPARATE TREATMENT AND RETALIATION FOR EXERCISING STATUTORY RIGHT(S) TO INCLUDE NEW JERSEY MEDICAL LEAVE STATUTE," he alleged the District had taken "adverse action against him in whole or in part because" he had taken medical leave, referencing the allegation about his excessive absenteeism. In the fourth count, entitled "DISPARATE TREATMENT IN PAY SCALE (STEPS)," plaintiff claimed defendants had

"engaged in disparate treatment of [him] in pay scale (steps) despite plaintiff's prior military service in the United States Army."[2]

On September 5, 2023, defendants moved to dismiss the second amended complaint for failure to state a claim, contending, among other things, the claims were barred by res judicata, collateral estoppel, and the entire controversy doctrine. After hearing oral argument, the court granted the motion in an April 26, 2024 order and dismissed the second amended complaint with prejudice, finding plaintiff's claims had already been considered and rejected by the arbitrator and confirmed by the court.

After defendant filed a notice of appeal of the April 26, 2024 order, defendants moved in the trial court for sanctions pursuant to Rule 1:4-8 and the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1. We granted the Board's motion to stay the appeal and temporarily remand the case so the trial court could decide that motion. The court granted in part and denied in part the motion in a July 15, 2024 written decision and a September 20, 2024 order. The court ordered plaintiff to pay defendants $6,730.07 as "frivolous litigation sanctions

---

[2] In Gerety v. Atlantic City Hilton Casino Resort, 184 N.J. 391, 398 (2005), the Court acknowledged discrimination claims premised on allegations of disparate treatment were "cognizable under the LAD." See also Schiavo v. Marina Dist. Dev. Co., 442 N.J. Super. 346, 368-69 (App. Div. 2015) (analyzing discrimination claims based on allegations of disparate treatment).

fees for the defense of [c]ount 3 of the complaints" and otherwise denied the motion.

Plaintiff moved for reconsideration of the September 20, 2024 order. Defendants cross-moved to correct a clerical error in the order. In a December 16, 2024 order with an accompanying statement of reasons, the court denied the reconsideration motion and granted the cross-motion, correcting the September 20, 2024 order to reflect that sanctions were ordered under the fourth count, not the third count, of the second amended complaint. Plaintiff filed an amended notice of appeal to include the September 20, 2024 and December 16, 2024 orders.

II.

We address first plaintiff's appeal of the April 26, 2024 dismissal order. We review de novo an order granting a motion to dismiss. ACLU of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 100 (2024). We assume the allegations in the pleadings are true and afford the pleading party all reasonable inferences. Sparroween, LLC v. Twp. of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). "[W]e 'owe[] no deference to the trial court's legal conclusions.'" Borough of Caldwell v. Cozzarelli Cirminiello Architects, LLC, 482 N.J. Super. 492, 498 (App. Div. 2025) (second alteration in original)

(quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).  Thus, we review de novo as a question of law a trial court's application of preclusionary doctrines, such as res judicata and collateral estoppel.  Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012); Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000).

"Res judicata prevents a party from relitigating for a second time a claim already determined between the same parties."  In re Vicinage 13 of the N.J. Superior Ct., 454 N.J. Super. 330, 341 (App. Div. 2018).  In other words, "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation."  Villanueva v. Zimmer, 431 N.J. Super. 301, 311 (App. Div. 2013) (quoting Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989)) (internal quotation marks omitted).  "'The application of [the] res judicata doctrine requires substantially similar or identical causes of action and issues, parties, and relief sought,' as well as a 'final judgment by a court . . . of competent jurisdiction.'"  N.J. Div. of Child Prot. & Permanency v. J.Y., 467 N.J. Super. 235, 244 (App. Div. 2021) (alteration in original) (citation omitted) (quoting Culver, 115 N.J. at 460).  The doctrine applies equally to arbitrations. "[A]n arbitration award has been given preclusive effect in a subsequent judicial

proceeding, so long as the party to be bound has the opportunity to make its case in the arbitration." Habick v. Liberty Mut. Fire Ins. Co., 320 N.J. Super. 244, 257 (1999).

"Collateral estoppel is an[other] equitable remedy that bars re-litigation of any issue that was determined in a prior action." In re Borough of Englewood Cliffs, 473 N.J. Super. 189, 202 (App. Div. 2022). "Although collateral estoppel overlaps with and is closely related to res judicata, the distinguishing feature of collateral estoppel is that it alone bars relitigation of issues in suits that arise from different causes of action." Selective Ins. Co., 327 N.J. Super. at 173.

Collateral estoppel applies when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [In re Borough of Englewood Cliffs, 473 N.J. Super. at 202 (quoting Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012)).]

When an employee brings an LAD claim in Superior Court against an employer "in lieu of pursuing the administrative forum available," the claim is

9

not precluded.  Hennessey v. Winslow Township, 183 N.J. 593, 604 (2005); see also Racanelli v. Cnty. of Passaic, 417 N.J. Super. 52, 57 (App. Div. 2010). However, when the employee avails himself of the administrative forum to challenge an employer's disciplinary charge

> and the employee raises a claim that employer retaliation at least partially motivated the decision to bring the charge or the level of discipline sought, then both the employee and employer must live with the outcome, including its potential preclusive effect on related employment-discrimination litigation as a matter of the equitable application of estoppel principles.
>
> [Winters, 212 N.J. at 73.]

In Winters, a plaintiff was terminated from his position as a firefighter and challenged the charges before the Office of Administrative Law, alleging employer retaliation but failing to provide support for that claim.  Id. at 71.  The plaintiff then filed a CEPA claim in Superior Court, alleging his termination was retaliatory.  Id. at 72.  The employer moved for summary judgment, contending "estoppel principles should bar the action."  Ibid.  We affirmed the trial court's order denying that motion; the Supreme Court reversed.  Ibid.  The Court held that estoppel principles barred the plaintiff "from a more expansive presentation of his claim of disparate treatment" in court because "[n]othing prevented [the] plaintiff from presenting his defense [in the administrative forum] more fully

10

than he did. . . . [I]t is not unfair to require him to present the defense that he raised in the administrative forum and to accept the consequences of his strategy." Id. at 73.

We reach the same conclusion here. Plaintiff's claims in this case and his claims in the arbitration are all based on his allegations of illegal retaliation and discrimination in violation of the LAD and CEPA. Like the plaintiff in Winters, plaintiff "raised his retaliation-themed defense" and other related defenses at the beginning of the administrative proceeding; he had an opportunity to "fully present his defense[s] before the arbitrator"; and "[i]t [wa]s not unfair to require him to present the defense[s] that he raised in the administrative forum and to accept the consequences of his strategy." Ibid. The arbitrator considered everything plaintiff had presented regarding his retaliation claims and rendered a "determination on the merits." Hennessey, 183 N.J. at 604.

Plaintiff repeats on appeal the assertion he made in the trial court that the arbitrator had determined he lacked jurisdiction over his "[]LAD/retaliation" claims. But he fails to provide support in the record demonstrating the arbitrator actually made that determination. To the contrary, the arbitrator in his opinion expressly considered and rejected those claims. Plaintiff also contends the court erred in applying the preclusionary doctrines to the third count of the second

11

amended complaint, claiming that count "state[d] valid claims on the face of the complaint . . . includ[ing] . . . failure to provide reasonable accommodation." (Emphasis omitted).  In fact, plaintiff made no mention of "reasonable accommodation" in the third count or any count of the second amended complaint.  Instead, in the third count, he made another allegation of illegal discriminatory treatment and retaliation.

Discerning no error in the court's dismissal of the second amended complaint based on the doctrines of res judicata and collateral estoppel, we affirm the April 26, 2024 order.  Because we affirm the order on that basis, we need not and do not reach defendants' other arguments regarding the viability of plaintiff's claims.

We now turn to plaintiff's appeal of the September 20, 2024 sanctions order and the December 16, 2024 reconsideration order.  We review a trial court's decision on a motion for frivolous-lawsuit sanctions under an abuse-of-discretion standard.  Wolosky v. Fredon Township, 472 N.J. Super. 315, 327 (App. Div. 2022).  We also review reconsideration orders and fee awards under an abuse-of-discretion standard.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Diamond Beach, LLC v. March Assocs., Inc., 457 N.J. Super. 265, 285 (App. Div. 2018).  An abuse of discretion arises when "a decision is made

without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." State v. Taylor, 261 N.J. 440, 449 (2025) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

Reversal of a sanctions order is warranted when the trial court's decision "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amount[ed] to a clear error in judgment." McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011); see also Lanzo v. Cyprus Amax Mins. Co., 467 N.J. Super. 476, 525-26 (App. Div. 2021) (holding sanctions are "left to the trial court's discretion and will not be disturbed if [they are] just and reasonable in the circumstances" (quoting Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 472 (App. Div. 2012))).

"Sanctions for frivolous litigation against a party are governed by the frivolous litigation statute, N.J.S.A. 2A:15-59.1." Wolosky, 472 N.J. Super. at 327. "On the one hand, 'the statute serves a punitive purpose, seeking to deter frivolous litigation.'" Toll Bros., Inc. v. Twp. of West Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (App. Div. 1995)). "On the other hand, the statute serves a compensatory purpose,

13

seeking to reimburse 'the party that has been victimized by the party bringing the frivolous litigation.'" Ibid. (quoting Deutch & Shur, 284 N.J. Super. at 141).

Pursuant to the statute, a court may "award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines 'that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.'" Ibid. (quoting N.J.S.A. 2A:15-59.1(a)(1)). A complaint is

> frivolous if it was "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15–59.1(b)(1), or if "[t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15–59.1(b)(2).
>
> [Ibid.]

"Rule 1:4-8 prescribes the procedure for seeking sanctions against an attorney or pro se party who files a frivolous 'pleading, written motion, or other paper.'" Toll Bros., 190 N.J. at 69 (quoting R. 1:4-8(b)). If all procedural requirements are satisfied, "sanctions for frivolous litigation may include 'reasonable attorneys' fees and other expenses incurred as a direct result of the violation, or both.'" Masone v. Levine, 382 N.J. Super. 181, 192 (App. Div. 2005) (quoting R. 1:4-8(d)(2)). In awarding counsel fees, a court must "determine the 'lodestar':

14

the number of hours reasonably expended multiplied by a reasonable hourly rate."  Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995).  A court may exercise its discretion by reducing or enhancing the lodestar.  R.M. v. Sup. Ct. of N.J., 190 N.J. 1, 11 (2007).

Applying that law to the record of this case, we discern no legal error in the court's determination that plaintiff's prosecution of the fourth count of the second amended complaint constituted frivolous litigation.  We also perceive no abuse of discretion in the court's decision to award counsel fees based on the fourth count or in the amount awarded.

The court carefully and thoroughly considered each of defendants' frivolous-litigation claims and rejected all of them except the claim based on the fourth count.  The court granted that aspect of the motion because plaintiff had failed to dismiss that count "[d]espite . . . defendants providing . . . plaintiff with proof from . . . plaintiff's personnel file that . . . plaintiff received his military credit."  The factual basis of that determination was supported in the record.  The court's finding of bad faith based on that count was not premised on "the filing of the complaint . . . ; rather, it was the continued pursuit of this claim after dispositive evidence had been provided that the military credits had been properly awarded."  The court issued a reduced fee award based on that limited

finding and applied the hourly rate set forth in the retainer agreement instead of, as requested, defense counsel's customary hourly rate. The court acted within its discretion in rejecting plaintiff's challenge to the amount of time expended by defense counsel. On that record, we affirm the September 20, 2024 and December 16, 2024 orders.

To the extent we have not expressly addressed any other arguments made by plaintiff, we have considered them and find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

16                                                                                        A-2575-23